UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LARRY D. ELLSWORTH,<br><br>                    Plaintiff,<br><br>          v.<br><br>CHARLES H. WEBB, ANDREW T. STAVE, and the COUNTY OF ASOTIN; WILLIAM EDELBLUTE and JANE DOE EDELBLUTE, husband and wife,<br><br>                    Defendants. | NO. CV-03-0148-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, MOTION FOR AWARD OF ATTORNEY FEES, AND MOTION FOR CERTIFICATION AND GRANTING PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER** |

Before the Court are Plaintiff's Motion for Summary Judgment to Dismiss Defendant Edelblute's Claim for Attorney Fees, (Ct. Rec. 101), Plaintiff's Motion for Award of Attorney Fees to Dismiss Mr. Edelblute's Frivolous Counterclaim for Attorney's Fees, (Ct. Rec. 119), Plaintiff's Motion for Certification to Washington State Supreme Court of Issues of State Law, (Ct. Rec. 94), and Plaintiff's Motion to Modify Scheduling Order, (Ct. Rec. 107). These motions were set to be heard on September 30, 2005. After reviewing the submitted materials, the Court finds that oral argument is not warranted and rules on the motions without oral presentation pursuant to Local Rule 7.1(h)(3). As is explained below, the Court denies Plaintiff's Motion for Summary Judgment to Dismiss Defendant Edelblute's Claim for Attorney Fees, Motion for Award of

ORDER ~ 1

Attorney Fees to Dismiss Mr. Edelblute's Frivolous Counterclaim for Attorney's Fees, and Motion for Certification to Washington State Supreme Court of Issues of State Law, and grants Plaintiff's Motion to Modify Scheduling Order.

**A.   Plaintiff's Motions for Summary Judgment & for Attorney's Fees**

Plaintiff asks the Court to dismiss the counterclaim in Defendant Edelblutes' July 25, 2005, Answer to Second Amended Complaint for Damages and Counterclaim Against Plaintiff, (Ct. Rec. 91), arguing that Mr. Edelblute previously waived his right to recover attorney's fees from Mr. Ellsworth.  The Court agrees Mr. Edelblute waived his right to recover attorney's fees by virtue of his previous declaration.  (Ct. Rec. 102: Decl. Kinkley at 102-2 at 2); *see Mid-Town Ltd. P'ship v. Preston*, 69 Wash. App. 227, 233 (1993).  This declaration serves as substantial evidence of unequivocal acts or conduct showing intent to waive a known right. *See Guillen v. Pierce County*, 127 Wash. App. 278 (2005).

However, the Edelblutes clarify in their opposition to Plaintiff's motion that they are not seeking recovery of attorney's fees, but rather reimbursement for all costs, expenses, and fees (other than attorney) incurred while Mr. Edelblute represented Plaintiff Ellsworth.  The Court finds Mr. Edelblute did not waive his right to recover for such costs, expenses, and fees.  Accordingly, the Court denies the Plaintiff's dismissal motion.  In addition, the Court denies Plaintiff's Motion for Award of Attorney Fees to Dismiss Mr. Edelblute's Frivolous Counterclaim for Attorney's Fees, finding the Edelblutes' counterclaim is not frivolous or advanced without reasonable cause.  *See* R.C.W. § 4.84.185.

**B.   Plaintiff's Motion for Certification to Washington State Supreme Court of Issues of State Law**

Plaintiff specifies six specific issues it wishes the Court to certify to the Washington Supreme Court pursuant to R.C.W. §§ 2.60.010-.030.[1] Plaintiff seeks this relief without identifying to the Court what the current state of the law in Washington is regarding these issues. Although the law regarding these issues may not be clearly determined, a federal court is not required to certify a question of local law, but rather this option is discretionary. R.C.W. § 2.60.020; *NLRB v. Calkins*, 187 F.3d 1080, 1089 (9th Cir.1999). Accordingly, before the Court will definitively rule on whether such issues should be certified to the Washington Supreme Court, Plaintiff must establish (1) what the current state of the law is in Washington and (2) show how this law does not answer the listed issues. Accordingly, the Court denies this motion with leave to renew.

**C.   Plaintiff's Motion to Modify Scheduling Order**

Plaintiff asks the Court to modify the scheduling order as a result of the settlement with Asotin County, Mr. Webb, and Mr. Stave. Defendant Edelblutes did not file an opposition. Given current counsel have been

---

[1] R.C.W. § 2.60.020 provides:

when in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court *may certify* to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

R.C.W. § 2.60.020 (emphasis added).

ORDER ~ 3

1   involved in this lawsuit for less than a year and pending legal issues

2   remain, the Court finds a continuance of the trial appropriate.

3       For the reasons given above, **IT IS HEREBY ORDERED**:

4       1.  Plaintiff's Motion for Summary Judgment to Dismiss Defendant

5   Edelblute's Claim for Attorney Fees, **(Ct. Rec. 101)**, is **DENIED**.

6       2.   Plaintiff's Motion for Award of Attorney Fees to Dismiss Mr.

7   Edelblute's Frivolous Counterclaim for Attorney's Fees, **(Ct. Rec. 119)**,

8   is **DENIED**.

9       3.   Plaintiff's Motion for Certification to Washington State

10  Supreme Court of Issues of State Law, **(Ct. Rec. 94)**, is **DENIED, with**

11  **leave to renew.**

12      4.   Plaintiff's Motion to Modify Scheduling Order, **(Ct. Rec. 107)**,

13  is **GRANTED.  The parties are to call the Court's public conference line**

14  **(509-372-3051) today**, **Friday, September 30, 2005, at 10:30 a.m. in order**

15  **to select a new trial date.**

16      **IT IS SO ORDERED.**  The District Court Executive is hereby directed

17  to enter this Order and to furnish copies of the Order to counsel.

18      **DATED** this  30th   day of September 2005.

19

20                  s/Edward F. Shea
                EDWARD F. SHEA

21            United States District Judge

22

23  Q:\Civil\2003\0148.msj.attyfees.certif.frm

24

25

26

ORDER ~ 4